# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### at LEXINGTON

**Civil Action No. 07-234-HRW**

**MARY WESLEY,**                                              **PLAINTIFF,**

**v.**                        **MEMORANDUM OPINION AND ORDER**

## MICHAEL J. ASTRUE
## COMMISSIONER OF SOCIAL SECURITY,              **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits and supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive

motions filed by the parties, and being otherwise sufficiently advised, for the

reasons set forth herein, finds that the decision of the Administrative Law Judge is

supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and

supplemental security income benefits on November 17, 2003, alleging disability

beginning on November 15, 2003, due to pain resulting from a prior injury to her

Achilles tendon (Tr. 64).

The application was denied initially and on reconsideration.

On March 21, 2006, an administrative hearing was conducted by Administrative Law Judge Gloria York (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On May 26, 2006, the ALJ issued her decision finding that Plaintiff was not disabled (Tr. 18-28).

Plaintiff was 38 years old at the time of the hearing decision.    She has an 11th grade education and vocational training as a CNA.  Her past relevant work experience consists of work as a CNA.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffered from a history of left Achilles tendon injury with reconstruction in 1976 and a complex regional pain syndrome of left foot, degenerative disc disease of the lumbar spine with low back pain, a major depressive disorder and a generalized anxiety order, which she found to be "severe" within the meaning of the Regulations (Tr. 23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 23).  In doing so, the ALJ specifically considered listings 1.02, 1.03, 1.04, 12.04 and 12.06 (Tr. 23).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 26) but determined that she has the  residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. 404.1567 and 416.967

3

with the added limitation of "routine, repetitive, object rather than people-oriented tasks without high production quotas" (Tr. 24-26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26-27).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 25, 2007 (Tr. 10-13).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 13 and 14] and this matter is ripe for decision.

### III. ANALYSIS

#### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

4

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

**B.      Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous

because: (1) the ALJ improperly rejected the opinion of her treating physician, Dr.

Steven Green; (2) the ALJ did not properly assess her mental capacity and (3) the

ALJ erred in determining Plaintiff's credibility.

**C.      Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly rejected the opinion

of her treating physician, Dr. Steven Green.   Specifically, Plaintiff maintains that

the ALJ erred by not deferring to Dr. Green's opinion that Plaintiff could only sit

two hours per workday, could not stand or walk at all and could only lift five pounds (Tr. 219).  In effect, Dr. Green opined that Plaintiff was disabled.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).  The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion.  Such opinions receive great weight only if they are supported by sufficient medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

The ALJ explicitly rejected the checklist completed by Dr. Green as "not supported by (Plaintiff's) history of treatment or the findings (Plaintiff) has displayed "(Tr. 26).   The ALJ also noted that Plaintiff "worked for many years" following the injury to her foot.   Further, the extreme limitation suggested by Dr. Green could not be based upon Plaintiff's degenerative disc condition as that, according to the ALJ, is "moderate, at most" (Tr. 26).

The Court finds no error in the ALJ's rejection of Dr. Green's opinion.   The reasons given by the ALJ are supported by substantial evidence.   For example, the record shows that Plaintiff was seen by Dr. Green on November 19, 2003, five

days after the alleged onset of disability.  His treatment notes from that day do not

indicate an inability to stand or walk or a partial inability to sit (Tr. 187).  Nor do

his notes from Plaintiff's July 26, 2004 appointment mention these limitations,

either as a complaint or recommendation  (Tr. 254).  There is simply nothing in his

notes which support his opinion of extreme functional limitation.

Further, the "checklist" itself is silent as to the clinical data or diagnoses

which would support the limitations suggested therein.

Finally, no other medical evidence in the record is consistent with Dr.

Green's assessment of disability.

Having reviewed the record, the Court finds that the ALJ properly rejected

the opinion of Dr. Green.

Plaintiff's second claim of error is that the ALJ did not properly assess her

mental capacity.   Specifically, Plaintiff argues that the ALJ erred by not

incorporating the findings of the consultative examiner, Dr. Christopher Catt, in

the RFC.

Dr. Christopher Catt, a clinical psychologist, evaluated Plaintiff on April 28,

2004.   Based upon his exam, Dr. Catt opined that Plaintiff could perform simple,

repetitive tasks and should be limited to low stress (Tr. 172).   The ALJ's RFC

reflects these findings.   However, the ALJ did not include the Global Assessment

7

Functioning ("GAF") score of 50, provided by Dr. Catt, in the RFC, stating that it was not supported by Dr. Catt's own findings (Tr. 26).   The Court agrees.   A GAF score of 50 falls squarely between "serious", GAF 41-50,  and "moderate" symptoms, GAF 51-60.   As such, it is not unreasonable for the ALJ to reply upon a narrative report, rather than a numerical score which says little about Plaintiff's true condition.

Plaintiff then argues that the disability checklist completed by her treating psychiatrist, Dr. Yahya Allahham, on June 14, 2006, shows that Plaintiff cannot complete a normal workweek.

This evidence was not submitted until *after* the ALJ rendered her decision. It is well established that evidence submitted to the Appeals Council after the ALJ's decision is not considered part of the record for the purposes of substantial evidence review.  *See, e.g. Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001).  The Court may  remand for further consideration of the evidence only if  the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984).

8

In the instant case, Plaintiff fails on all three counts. First, as Dr. Allahham treated Plaintiff prior to the ALJ's decision, there is no apparent reason why Plaintiff could not have obtained the opinion earlier. Thus, it is not "new" evidence. Nor has Plaintiff established good cause for failing to obtain and submit the evidence prior to the ALJ's final decision. In fact, Plaintiff makes no argument whatsoever in this regard. As for materiality, the checklist falls short. Consideration of the checklist would not change the ALJ's decision because it does not merit weight under the regulatory criteria, cited *supra*. The limitations recommended by Dr. Allahham are unexplained and contain no reference to diagnostic testing or clinical data. Also, the June 14, 2006 opinion inconsistent with Dr. Allahham's earlier opinion, rendered during the relevant period (Tr. 309). Finally, the limitations contained in the subject checklist are not consistent with the other credible medical evidence of record.

Plaintiff's final contention of error is that the ALJ erred in assessing her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ determined that Plaintiff's statements concerning the intensity, duration and limiting effects of her medically determinable impairments were "not entirely credible" (Tr. 25).   The Court agrees.

First, Plaintiff's subjective complaints are not supported by the medical evidence of record.   For example, testing was negative for radiculopathy.   Not a single physician of record has recommended surgery or anything beyond conservative treatment.   Notably, Plaintiff's main complaint is foot pain but the record establishes that she worked for many years with it.   As for Plaintiff's mental limitations, her depression appears to be moderate and responsive to therapy and medication.

The ALJ also observed that despite her complaints of disabling pain, Plaintiff sat continually during the one-hour hearing without any signs of discomfort or distress (Tr. 25).   This is contrary to her testimony that she can only sit for twenty minutes at a time without numbness and pain (Tr. 360).

Finally, the ALJ noted that the record is devoid of any evidence showing significant deficits in daily activity.   To the contrary, Plaintiff testified that she "keeps house" for herself and 14 year old son, cooks and drives (Tr. 25).   The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's

assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Having reviewed the record, the Court finds no error in the ALJ's assessment of Plaintiff's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __24__ day of June, 2008.


Henry R. Wilhoit, Jr., Senior Judge

11